IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AEGIS SERVICES, INC.**

    **Plaintiff,**

vs.                                        Civil Action 2:04-CV-1175
                                              Judge Graham
                                              Magistrate Judge King

**TRANS HEALTHCARE, INC.,** *et al.***,**

    **Defendants.**

**REPORT and RECOMMENDATION**

On November 12, 2004, Plaintiff, Aegis Services, Inc. [hereinafter "Aegis"], filed an action in the Court of Common Pleas for Franklin County, Ohio, seeking damages in connection with Defendants' alleged default on a lease agreement. On December 10, 2004, Defendants removed this action to this Court as a diversity action under 28 U.S.C. § 1332. This matter is now before the Court on Plaintiff's motion to remand, Doc. No. 8, and motion to stay, Doc. No. 9.

**I.**     **Background**

Plaintiff, an Ohio corporation, alleges that it entered into four sublease agreements, whereby it leased 16 healthcare facilities in Ohio to THI of Columbus [hereinafter "THIC"], in exchange for which THIC pledged all of its outstanding shares in the event of default. *Complaint,* at ¶¶ 1, 10-13. Plaintiff alleges that THIC defaulted on these agreements, accruing more than $817,000 in unpaid rent. *Id.,* at ¶¶ 14-15. On November 12, 2004, Plaintiff brought suit against Defendants in the Court

of Common Pleas for Franklin County, Ohio, alleging that significant sums of money have been fraudulently conveyed from THIC to Defendants, rendering THIC insolvent and unable to pay its obligations to Plaintiff. *Id.,* at ¶¶ 17-19. Named as defendants are: (1) Trans Healthcare, Inc. [hereinafter "THI"]; (2) Trans Health Management, Inc. [hereinafter "THI Management]; (3) Tran Healthcare of Ohio, Inc. [hereinafter "THIO"]; (4) THI Holdings, LLC [hereinafter "Holdings"]; and (5) GTCR Fund VI, L.P. [hereinafter "Fund VI"] [collectively hereinafter "the THI Defendants"]. *Id.,* at ¶¶ 2-4, 7-8. The action seeks specific performance of THIC's pledge and asserts a claim under Ohio law for fraudulent conveyance, O.R.C. § 1336.01 *et seq. Id.,* at ¶¶ 20-30.

On November 18, 2004, Paul Dauerman [hereinafter "the Intervenor"], an Ohio resident, and the Receiver of THIC, was granted leave to intervene in this action. *Order Granting Intervention*, attached as Exhibit 3 to Doc. No. 8. He filed an answer to Plaintiff's complaint and asserted crossclaims against Defendants. Doc. No. 11. Specifically, Intervenor asserts a claim under Ohio law for fraudulent conveyance, O.R.C. § 1336.01 *et seq.* and seeks attachment of the fraudulently transferred funds. *Id.,* at ¶¶ 25-27. On December 10, 2004, the THI Defendants, none of whom are residents of Ohio, removed this action to this Court as a diversity action. Doc. No. 1. The THI Defendants then filed a motion to dismiss for lack of personal jurisdiction. Doc. No. 4.

Plaintiff seeks remand and an award of attorney fees and costs, Doc. No. 8. Plaintiff has also filed a motion to stay this Court's ruling on the THI Defendants' motion to dismiss, Doc. No. 9, pending resolution of Plaintiff's motion to remand.

II. **Motion to Remand**

On December 10, 2004, this action was removed to federal court as a diversity action, 28

U.S.C. § 1332.  Plaintiff seeks remand to state court, maintaining that complete diversity was defeated when the Intervenor, an Ohio resident, entered the action.  Defendants maintain, however, that the Intervenor should be aligned as a party plaintiff, not as a party defendant; as properly aligned, they contend there is complete diversity between all adverse parties.

### A.     Standard

In determining whether a motion to remand is proper, the Court must first determine whether the action was properly removed.  Removal statutes are strictly construed and the party seeking removal bears the burden of establishing its right thereto.  *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 330 (6th Cir. 1989); *Wilson v. United States Dept. of Agriculture,* 584 F.2d 137, 142 (6th Cir. 1978); *City of Tipp City v. City of Dayton,* 204 F.R.D. 388 (S.D. Ohio 2001).  The THI Defendants removed this matter pursuant to § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ...." 28 U.S.C. § 1441(a).  The THI Defendants argue that this Court is vested with diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]  Where an action is removed based upon diversity jurisdiction, complete diversity of citizenship between the plaintiff and defendants must exist at the time of removal.  *Conye v. American Tobacco Co.,* 183 F.3d 488, 492 (6th Cir. 1999).  "Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the

---

[1]Section 1332(a) reads in pertinent part:

> The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
>
> > (1) citizens of different States; ...

28 U.S.C. § 1332.

3

other side of the litigation." *Boladian v. UMG Recordings, Inc.,* 123 Fed. Appx. 165, 167 (6th Cir. 2005) (quoting *SHR Ltd. Partnership v. Braun,* 888 F.2d 455, 456 (6th Cir. 1989)). "[A] party 'seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction.'" *Conye,* 183 F.3d at 493 (citing *Certain Interested Underwriters at Lloyd's London, England v. Layne,* 26 F.3d 39, 41 (6th Cir. 1994)). "All doubts as to the propriety of removal are resolved in favor of remand." *Id.*

### B. Party Alignment

In the case at bar, the issue of diversity, as required by 28 U.S.C. § 1332, turns on whether the Intervenor, who shares Ohio citizenship with Plaintiff, is deemed a plaintiff or defendant. It is well established that "[t]he courts, not the parties, are responsible for aligning the parties according to their interests in the litigation." *United States Fidelity and Guaranty Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1089 (6th Cir. 1992) (*quoting Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519, 1523 (9th Cir. 1987)). The United States Court of Appeals for the Sixth Circuit has adopted the "principal purpose" or the "primary dispute" test for determining the alignment of the parties. *United States Fidelity and Guaranty Co.,* 955 F.2d 1085. Under this standard, parties should be "aligned in accordance with the primary dispute in the controversy, even where a different, legitimate dispute between the parties supports the original alignment." *Id.,* at 1089. Thus, courts should look to the "principal purpose of the suit and the primary and controlling matter in the dispute" when determining how the parties should be aligned. *Id.*, at 1090 (*quoting Employers Insurance of Wausau v. Crown Cork & Seal,* 905 F.2d 42, 45 (3rd Cir. 1990)). "[D]espite the fact that there may be actual and substantial ancillary or secondary issues to the primary issue, the parties should be aligned in accordance with the primary issue in an action." *Id.,* at 1089.

     **C.**    **Application**

The primary issue in this case involves Plaintiff's and Intervenor's attempt to establish that the THI Defendants fraudulently conveyed funds from THIC; the allocation of any damages as between Plaintiff and the Intervenor is a secondary issue. Although Plaintiff and the Intervenor take diametrically opposed positions as to which of them is entitled to priority over any amount recovered, they both seek recovery from the THI Defendants. Furthermore, the issue of how damages are apportioned does not become pertinent unless and until liability has been established against the THI Defendants. Thus, the Intervenor's interest in this action is more closely aligned with that of Plaintiff. Although a substantial dispute unquestionably exists between Plaintiff and the Intervenor, this dispute arises only in the event of recovery by Plaintiff against THI Defendants. Therefore, the interests of Plaintiff and the Intervenor, with respect to the primary dispute in this case, are co-extensive, and the alignment of the Intervenor as a party plaintiff will reflect these parties' common interests. Because the Intervenor is properly aligned as a Plaintiff, complete diversity is present and this Court has subject matter jurisdiction over this action. It follows that removal of the action is proper and that the motion to remand is without merit.

**III.**    **Motion to Stay**

In light of the foregoing, Plaintiff's motion to stay proceedings on Defendant's motion to dismiss, Doc. No. 9, is moot.

     It is **RECOMMENDED** that Plaintiff's motion to remand, Doc. No. 8, be **DENIED.**

If any party seeks reconsideration of this **REPORT and RECOMMENDATION**, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this **REPORT and RECOMMENDATION**, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Responses and objections must be filed within ten (10) days after being served with a copy hereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the **REPORT and RECOMMENDATION** will result in a waiver of the right to initial *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the **REPORT and RECOMMENDATION**. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994); *Smith v. Detroit Federation of Teachers, Local 231, American Federation of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).


June 17, 2005                                    *s/ Norah McCann King*
                                                               Norah McCann King
                                                     United States Magistrate Judge