IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AEGIS SERVICES, INC.**,

       **Plaintiff**,

  vs.                              Civil Action 2:04-CV-1175
                                      Judge Graham
                                      Magistrate Judge King

**TRANS HEALTHCARE, INC.**,
*et al.*,

       **Defendants**.

## ORDER

On June 17, 2005, the United States Magistrate Judge issued a *Report and Recommendation* recommending that plaintiff's motion to remand, Doc. No. 8, be denied. This matter is before the Court on plaintiff's objections to the *Report and Recommendation,* which the Court will consider *de novo*. 28 U.S.C. §636(b).

Plaintiff is a citizen of Ohio; none of the defendants originally named in the complaint is a citizen of Ohio. While the action was still pending in state court, a receiver was granted leave to intervene. The receiver, also an Ohio citizen, filed an answer and asserted counterclaims against defendants. The original defendants removed the action to this Court solely on the basis of diversity, 28 U.S.C. §1332, taking the position that the intervening receiver should properly be aligned as a plaintiff. Reasoning that the intervenor's interest in the action is more closely aligned with that of plaintiff and that, as so aligned, complete diversity is preserved, the United States Magistrate Judge concluded that removal was proper.

The United States Magistrate Judge correctly observed that the appropriate test for resolving the issue of removal in this case is the "principal purpose" or the "primary dispute" test for determining the proper alignment of the parties. *See United States Fidelity and Guaranty Co. V. Thomas Solvent Co.,* 955 F.2d 1085 (6th Cir. 1992). Plaintiff objects to the Magistrate Judge's application of that standard.

In concluding that the receiver is properly aligned as a plaintiff, the Magistrate Judge reasoned:

> The primary issue in this case involves Plaintiff's and Intervenor's attempt to establish that the THI Defendants fraudulently conveyed funds from THIC; the allocation of any damages as between Plaintiff and the Intervenor is a secondary issue. Although Plaintiff and the Intervenor take diametrically opposed positions as to which of them is entitled to priority over any amount recovered, they both seek recovery from the THI Defendants. Furthermore, the issue of how damages are apportioned does not become pertinent unless and until liability has been established against the THI Defendants. Thus, the Intervenor's interest in this action is more closely aligned with that of Plaintiff. Although a substantial dispute unquestionably exists between Plaintiff and the Intervenor, this dispute arises only in the event of recovery by Plaintiff against THI Defendants. Therefore, the interests of Plaintiff and the Intervenor, with respect to the primary dispute in this case, are co-extensive, and the alignment of the Intervenor as a party plaintiff will reflect these parties' common interests. Because the Intervenor is properly aligned as a Plaintiff, complete diversity is present and this Court has subject matter jurisdiction over this action. It follows that removal of the action is proper and that the motion to remand is without merit.

*Report and Recommendation,* at p.5, Doc. No. 35.  Plaintiff contends that, in so concluding, the Magistrate Judge improperly severed the issues of liability and damages.  This Court disagrees.

Plaintiff has asserted no claims against the receiver; both the plaintiff and the receiver have asserted claims of fraudulent conveyance against the defendants originally named in the complaint.  Under the circumstances presented in this action, this Court agrees that the primary dispute militates in favor of realigning the receiver as a claimant against the defendants originally named in the complaint.  As so aligned, there is complete diversity, and removal of the action was proper.

Accordingly, the *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED**.  Plaintiff's motion to remand, Doc. No. 8, is **DENIED**.

It is so ORDERED.

s/James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE:  August 15, 2005