```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Aegis Services, Inc.,

       Plaintiff,            Case No. 2:04-cv-01175

    v.                        JUDGE GRAHAM

Trans Healthcare,            Magistrate Judge King
 Inc., et. al.,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

Aegis Services, Inc., ("plaintiff") filed suit on November 12, 2004, in the Franklin County Court of Common Pleas against Trans Healthcare, Inc.("Trans Healthcare"); Trans Health Management, Inc.("THM"); Trans Healthcare of Ohio, Inc.("THO"); THI Holding, Inc.; GTCR Fund VI, L.P.; and various related Doe entities (collectively "defendants"). Defendants removed, invoking this court's diversity jurisdiction. This matter is now before the court on the motion of Trans Healthcare, THO, and THM for judgment on the pleadings with respect to count II of the complaint.

**I. Standard of Review**

A motion for judgment on the pleadings pursuant to Rule 12(c) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355

1

U.S. 41, 45-46 (1957). See also Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998) ("The standard of review applicable to a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion.")(Citation omitted). All well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A motion for judgment on the pleadings is directed solely to the complaint and any exhibits attached to it. Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion for judgment on the pleadings. Consequently, a complaint will be dismissed pursuant to Rule 12(c) if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

## II. Background

Plaintiff, an Ohio corporation, entered into four sublease agreements with THI Columbus, Inc., ("THI Columbus"). THI

Columbus is not a defendant in this case, but is a wholly owned subsidiary of defendant Trans Healthcare. Under the terms of the sublease agreements, THI Columbus leased sixteen nursing home/health care facilities from plaintiff. To secure the leases for THI Columbus, Trans Healthcare agreed to a Limited Guaranty and Stock Pledge Agreement granting plaintiff the right to acquire all of THI Columbus' shares from Trans Healthcare if THI Columbus defaulted on the leases.

Plaintiff alleges THI Columbus defaulted in early November, 2004. Plaintiff sent notice to THI Columbus that it intended to exercise its rights under the various agreements, including the stock pledge agreement. Several days later, on November 12, 2004, plaintiff commenced this lawsuit in the Franklin County Court of Common Pleas. Count I, which is not challenged in defendants' motion, alleges breach of the limited guarantee and stock pledge agreement against Trans Healthcare. In count II, plaintiff alleges that under the Ohio Fraudulent Transfer Act, O.R.C. §1336.01 et seq., defendants fraudulently transferred to themselves assets of THI Columbus, rendering THI Columbus unable to pay its obligations to plaintiff. In count II, plaintiff seeks the return of all funds to THI Columbus, attachment of funds generated from the sublease agreements, an injunction prohibiting the further transfer of funds or assets of THI Columbus until THI Columbus can pay all debts, and judgment

3

against defendants for all amounts wrongfully received or taken by them.

When plaintiff filed its complaint, plaintiff also petitioned the Franklin County court to appoint as receiver, Paul Dauerman of LTC Workouts, LLC, (the "receiver") to operate THI Columbus.[1] An order appointing receiver was issued authorizing the receiver to conduct all affairs connected with THI Columbus' business, including managing all litigation. The order also prohibited creditors and claimants, with the exception of plaintiff, from commencing or continuing any action against TCI Columbus or the receiver, to recover funds owed to them by TCI Columbus.

After the appointment, the receiver moved to intervene in this case on behalf of THI Columbus, alleging that funds and assets had been fraudulently transferred from THI Columbus to defendants. On November 17, 2004, the Franklin County court granted the receiver's motion to intervene.

On January 10, 2005, the receiver filed a cross-claim against defendants that mirrors the claim brought in count II. Specifically, the receiver alleges that prior to its appointment and at the direction of defendants, substantial sums were

---

[1] On September 28, 2005, the court granted the receiver's motion to substitute LTC Workouts for Paul Dauerman as receiver. This order has no bearing on the issues presented in defendants' motion.

transferred from the operations of THI Columbus to defendants, rendering THI Columbus insolvent and unable to pay it's obligations.  Like the plaintiff, the receiver seeks the return of all funds fraudulently transferred from THI Columbus, the attachment of funds fraudulently transferred, and an injunction prohibiting the further transfer of funds or assets of THI Columbus until THI Columbus can pay its debts.

### III. Discussion

Defendants move for judgment on the pleadings, alleging that only the receiver has standing to assert the claim brought in count II of the complaint.  Defendants argue that plaintiff's claim should be dismissed because the receiver was appointed to, and by intervening in this case, has brought litigation on behalf of THI Columbus for the benefit of all THI Columbus' creditors, including plaintiff.

Defendants maintain that under Ohio law, a receiver is an administrative arm of the court that "takes charge of the assets ... for the purpose of conserving them to the ends of equity and for the benefit of creditors generally".  See Tonti v. Tonti, 118 N.E. 200, 202 (Ohio App.1951). See also O.R.C. §1313.56 (a receiver shall "administer all of the assets of the debtor for the equal benefit of the creditors.").  Defendants argue that a receiver "'act[s] for the benefit of creditors generally' by

5

Case: 2:04-cv-01175-JLG-NMK Doc #: 50 Filed: 12/20/05 Page: 6 of 8  PAGEID #: 839

among other things pursuing litigation for their benefit." See Defendants Motion for Judgment, Document 31 at 4, (citing McGinness v. United States, 90 F.3d 143, 145-146 (6th Cir.1996)).

The receiver's duties also depend on the authority granted by the appointing court. Id. Here the receiver was authorized to make collections and conduct litigation on behalf of THI Columbus. The receiver fulfilled this obligation by filing a cross-claim, on behalf of all creditors, asserting a fraudulent transfer claim that is identical to plaintiff's count II claim. The receiver's cross-claim and plaintiff's count II claim are based on the same facts and statutory provisions, and seek the same remedies.

Defendants argue that because the claims are identical, and because the receiver, unlike plaintiff, is seeking relief on behalf of all creditors, the receiver is the only party with standing to maintain this action. Defendants further assert that any recovery by plaintiff would interfere with the receiver's ability to allocate recovery among THI Columbus' creditors according to the proper priority interest, and that this poses the potential threat of double recovery.

Defendants' motion is not well taken because the Fraudulent Transfer Act expressly grants creditors the right bring suit and be awarded relief. See O.R.C. §1336.07. See also Bank One, Akron, N.A. v. Atwater Enterprises, 115 Ohio App.3d 461, 470-471

6

(Ohio App.1996)("The [Fraudulent Transfer Act] was specifically designed to allow creditors to sue to prevent successful fraudulent transfers."). It is undisputed that plaintiff is an unsecured creditor of THI Columbus, and is therefore authorized by statute to bring claims seeking recovery of the fraudulently transferred funds.

Moreover, the order appointing the receiver grants the receiver the right to bring claims on behalf of THI Columbus against defendants, but never states that this right is exclusive to the receiver. The order does not address plaintiff's, or any other creditors', right to sue the defendants for funds that were fraudulently transferred, but rather only forbids other creditors from bringing an action against THI Columbus or the receiver. Defendant has provided no authority to support its position that plaintiff lacks standing because the receiver has asserted an identical claim.

Lastly, defendants argue that if plaintiff is allowed to bring it's claim, then THI Columbus' other creditors may be denied recovery as plaintiff's award would upset the priority interest of the creditors.

This argument is unpersuasive in light of the statutory language of the Fraudulent Transfer Act. The Ohio Legislature expressly granted creditors the right to recover fraudulently transferred funds. This court cannot deny plaintiff the right to

bring its claim and the ability to control the prosecution of that claim merely because a dispute may arise over recoverability of damages.

### IV. Conclusion

Defendants have failed to provide adequate support for their position that the receiver's pursuit of identical claims extinguishes plaintiff's ability to sue under the Fraudulent Transfer Act.  Therefore, the motion of Trans Healthcare, THO, and THM for judgment on the pleadings with respect to count II of the complaint is denied.

It is so ORDERED.

                                                s/James L. Graham
                                                JAMES L. GRAHAM
                                                United States District Judge

DATE: December 19, 2005